UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shanthi Varatharajan,

    Plaintiff,

vs                                             Case No: 05-71385
                                             Honorable Victoria A. Roberts

Parkdale Pharmaceuticals, Inc.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for reconsideration.

**II.    BACKGROUND**

This action arises out of the failure to promote and termination of Plaintiff by Defendant. The underlying facts are sufficiently set forth in the Court's Opinion and Order granting in part, and denying in part, Defendant's Motion for summary judgment entered August 17, 2006 [Doc. 50].

On August 31, 2006, Plaintiff filed a Motion for reconsideration arguing the Court erred by dismissing Plaintiff's claims alleging disparate treatment in work assignments; hostile environment based on national origin; and, retaliation.

1

**III.     STANDARD OF REVIEW**

>    (g) Motions for Rehearing or Reconsideration.
>
> (3) Grounds.  Generally, and without restricting the court's discretion, **the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court**, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(emphasis added).

**IV.     APPLICABLE LAW AND ANALYSIS**

    **A.     Disparate Treatment in Work Assignments**

The Court found Plaintiff did not support the allegation that she received disparate treatment in work assignments on the basis of her national origin.  In her Motion for reconsideration, Plaintiff fails to present any new issue not already ruled upon by the Court.

The testimony cited by Plaintiff does not support her allegation that she was discriminated against in work assignments.  Plaintiff claims in her Motion for reconsideration that Deepali Karmarkar and Amina Lee, the only two minority analysts at the time of Plaintiff's hire, were the only ones required to perform the Poly 80 test.  However, her deposition testimony does not support that allegation.  In her deposition she testified that Karmarkar and Lee ran the test before she got there, not that they were the only ones running the test. [Varatharajan Deposition, pp.88-89].  Further, Plaintiff's Affidavit does not state that Karmarkar and Lee were the only ones running the test. [Varatharajan Affidavit, ¶4].

Plaintiff also claimed she was not given time to complete paperwork like the other employees.  But, in her deposition, she testified that Gantenbein told her she could take her paperwork home and put the hours as overtime. [Varatharajan Deposition, pp. 128-129].

Plaintiff also alleges she was the only one required to do the potentiometric titration test.  However, it is unclear from her testimony whether she was the only one required to do the test or whether she was the only one required to do a certain portion, and for how long she was the only one doing the test:

> Q. And is it your testimony that you were the only individual who was performing [the potentiometric titration] test?
>
> A. I am only individual not one product.  It's a very strong smell.
>
> Q. My question is were you the only analyst performing this particular process?
>
> A. They have qualified six people.  That's what I'm telling you only one -
>
> Q. My question is were you the only one performing this potentio -
>
> A. Potentiometric titration.
>
> Q. Potentiometric titration?
>
> A. Yes.  Only one smell product.  I am only person running back to back qualification on running the product and that also you have to go to other building and do the test.
>     . . .

[Varatharajan Deposition, pp.82-83].  Plaintiff did not address the potentiometric titration test in her Affidavit.  Accordingly, Plaintiff failed to support her claim of disparate treatment in work assignments on the basis of her national origin.

3

**B.     Hostile Environment**

The Court found that "Plaintiff fails to demonstrate that the alleged harassment resulted in a hostile environment." [Doc. 50, p. 23]. Plaintiff did not meet the objective prong of the analysis because the Court found the environment fell "short of a hostile environment." *Id.* The evidence cited by Plaintiff in her Motion for reconsideration was previously considered by the Court and does not result in a different disposition.

**C.     Retaliation**

The Court found Plaintiff failed to support her claim of retaliation because she did not demonstrate a causal connection between the protected activity and the failure to promote/terminate her. Plaintiff asserts that the Court erred because it failed to consider that Crist began keeping notes regarding Plaintiff around the time she told Gantenbein she was going to report discrimination. Plaintiff did not address Crists' records in her argument regarding retaliation in her Response to Defendant's motion for summary judgment.

"A causal link requires the plaintiff to proffer evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." *Zanders v. National Railroad Passenger Corporation*, 898 F.2d 1127, 1135 (6th Cir. 1990). The evidence offered by Plaintiff is insufficient to raise such an inference.

Crist began keeping notes regarding Plaintiff in March 2003. Around the same time, Plaintiff told Gantenbein she planned to report alleged discrimination by Crist to Davis.[1] However, Plaintiff did not meet with Davis until June 2003. Crist met with Davis

---

[1] It is not clear which occurred first.

prior to June 2003 and told her he believed Plaintiff was going to complain about being treated differently on the basis of her ethnicity.

The fact that Crist began keeping notes on his interactions with Plaintiff in March 2003 does not raise an inference that Plaintiff was not promoted or terminated on the basis of her complaints to Davis in June 2003. According to Plaintiff, the failure to promote occurred well before her meeting with Davis. Michelle McGowan was promoted to scientist in December 2002. Plaintiff does not allege that the notes kept by Crist were inaccurate or used against her in some manner. Further, her complaints of discrimination began long before her meeting with Davis.

Plaintiff directs the Court to *Moore v. Kuka Welding Systems*, 171 F.3d 1073 (6th Cir. 1999), where the court upheld a jury finding that isolation of the plaintiff from co-workers was in retaliation for filing a charge with the EEOC. The *Moore* court stated that the proximity in time of the isolation and filing of the charge, coupled with the more frequent disciplinary writeups for trivial matters and unwarranted criticism of plaintiff's work following the charge, supported the jury's finding. Plaintiff does not present similar evidence. She does not establish that Crist's observations were unwarranted or trivial, or that they factored in an adverse decision. Additionally, the treatment she complains of was ongoing *prior* to the protected activity.

Accordingly, Plaintiff fails to establish a causal connection that she was terminated or not promoted based on her allegation of discrimination.

## V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for reconsideration.

**IT IS SO ORDERED.**

                                              s/Victoria A. Roberts  
                                              Victoria A. Roberts  
                                              United States District Judge

Dated:  September 15, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 15, 2006.

s/Linda Vertriest  
Deputy Clerk

---