UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shanthi Varatharajan,

    Plaintiff,

vs                                                Case No: 05-71385
                                                Honorable Victoria A. Roberts

Parkdale Pharmaceuticals, Inc.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion for reconsideration.

**II.    BACKGROUND**

This action arises out of the failure to promote and termination of Plaintiff by Defendant. The underlying facts are more fully set forth in the Court's Opinion and Order granting in part, and denying in part, Defendant's Motion for summary judgment entered August 17, 2006 [Doc. 50].

On August 31, 2006, Defendant filed a Motion for reconsideration alleging various erroneous conclusions of fact and law.

1

**III.     STANDARD OF REVIEW**

(g) Motions for Rehearing or Reconsideration.

\* \* \*

(3) Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g).

**IV.     APPLICABLE LAW AND ANALYSIS**

Defendant's Motion presents the same issues ruled upon by the Court in its Order.  Defendant does not cite any evidence not previously considered by the Court.

Additionally, Defendant asserts that the Court erred because it erroneously accepted Plaintiff's allegations despite the contrary evidence Defendant submitted.  Defendant contends the Court should have ignored Plaintiff's allegations and weighed the evidence, which it claims supports summary judgment in its favor on all claims.

It is not the province of the Court to weigh evidence or evaluate the credibility of Plaintiff's allegations on a motion for summary judgment.  The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor.  *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).  It is the task of the jury to determine whether Plaintiff's allegations are believable in light of the evidence.

Because Defendant fails to identify any evidence not previously considered by the Court, and misapplies the standard of review, it is not entitled to reconsideration.

## V.    CONCLUSION

Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  September 15, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 15, 2006.

s/Linda Vertriest
Deputy Clerk

---